NORRIS, McLAUGHLIN & MARCUS, PA
721 Route 202-206, Suite 200
P.O. Box 5933
Bridgewater, New Jersey 08807-5933
908-722-0700
Attorneys for Defendants T&M Imports, LLC and Tony Tantillo

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MB IMPORTS, INC. and RONALD MARKS,<br><br>            Plaintiffs,<br><br>    v.<br><br>T&M IMPORTS, LLC, TONY TANTILLO, individually, FARM FRESH, LLC, COLAVITA USA, INC., & TREPUNTI CORPORATION,<br><br>            Defendants. | Document Electronically Filed<br><br>Civil Action No. 2:10-cv-03445 (ES)(CLW)<br><br>**DEFENDANTS T&M IMPORT, LLC'S AND TONY TANTILLO'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT** |

Defendants T&M Imports, LLC ("T&M") and Tony Tantillo ("Tantillo"), collectively referred to as "Defendants" for purposes of this pleading, by way of answer to the Amended Complaint, say:

1.     No response necessary.

2.     The allegations contained in this paragraph are conclusions of law which do not require a response. To the extent that a response is required, the allegations are denied.

3.     Admitted that Defendants conduct business in the State of New Jersey. The remaining allegations contained in this paragraph are conclusions of law which do not require a response. To the extent that a response is required, the allegations are denied.

4.     Admitted.

5.     Admitted that Tantillo maintains an Internet website at www.tonytantillo.com,

which is accessible throughout the United States. The remaining allegations contained in this paragraph are denied.

6.      Defendants admit that defendant Farm Fresh, LLC owns the website www.tonytantillo.com and that Tantillo has appeared as a food expert on WCBS TV New York Channel 2, which is broadcasted in parts of New Jersey. The remaining allegations contained in this paragraph are denied.

7.      Defendants admit that Colavita purchases, imports and distributes Tantillo juice products in the United States on behalf of T&M and that Colavita ships the juice products to T&M's customers, including Safeway supermarkets. To the extent the remaining allegations contained in this paragraph are directed at Defendants, the allegations are denied.

8.      The allegations contained in the first sentence of this paragraph are not directed at Defendants, and are therefore denied. Subject to the response set forth above in #7, to the extent the remaining allegations contained in this paragraph are directed at Defendants, the allegations are denied.

9.      The allegations contained in this paragraph are conclusions of law which do not require a response. To the extent that a response is required, the allegations are denied.

10.     Defendants lack knowledge and information sufficient to form an answer to the allegations contained in this paragraph and leave plaintiffs to their proofs.

11.     Defendants lack knowledge and information sufficient to form an answer to the allegations contained in this paragraph and leave plaintiffs to their proofs.

12.     Admitted.

13.     The allegations contained in this paragraph are not directed at Defendants, and are therefore denied.

14.     Denied.

15.     The allegations contained in this paragraph are not directed at Defendants, and are

2

therefore denied.

16.      The allegations contained in this paragraph are not directed at Defendants, and are therefore denied.

17.      To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

18.      To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

19.      To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

20.      To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

21.      To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

22.      Defendants lack knowledge and information sufficient to form an answer to the allegations contained in this paragraph and leave plaintiffs to their proofs.  There is no "Exhibit A" to the Amended Complaint.

23.      Defendants lack knowledge and information sufficient to form an answer to the allegations contained in this paragraph and leave plaintiffs to their proofs.

24.      Defendants lack knowledge and information sufficient to form an answer to the allegations contained in this paragraph and leave plaintiffs to their proofs.

25.      Defendants submit that limes are grown in Sicily.  Defendants lack knowledge and information sufficient to form an answer to the remaining allegations contained in this paragraph and leaves plaintiffs to their proofs.

26.      Denied.

27.      Defendants lack knowledge and information sufficient to form an answer to the

allegations contained in this paragraph and leave plaintiffs to their proofs.

28.     Defendants admit that T&M markets and sells various products in the food industry in several states, including New Jersey.  Defendants admit that T&M markets and sells Tantillo brand lemon and lime juice products, which in certain instances compete with MB Imports.  Defendants admit that Colavita ships the Tantillo juice products directly to customers of T&M, including Safeway supermarkets.  To the extent the remaining allegations contained in this paragraph are directed at Defendants, the allegations are denied.

29.     Defendants cannot adequately respond to the allegations in this paragraph as there is no "Exhibit B" attached to the Amended Complaint.

30.     Defendants cannot adequately respond to the allegations in this paragraph as there is no "Exhibit B" attached to the Amended Complaint.

31.     Defendants cannot adequately respond to the allegations in this paragraph as there is no "Exhibit B" attached to the Amended Complaint.

32.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

33.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

34.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

35.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

36.     Defendants admit that the Tantillo lime juice product, at times, has been sold under the name "Tantillo Lime Juice."  Defendants admit that the ingredients label on "Tantillo Lime Juice", at times, has stated that the product contains "Mexican Lime Juice (99.97%)."  To the extent the remaining allegations contained in this paragraph are directed at Defendants, the

allegations are denied.

37.     Defendants cannot adequately respond to the allegations in this paragraph as there is no "Exhibit C" attached to the Amended Complaint.

38.     Defendants cannot adequately respond to the allegations in this paragraph as there is no "Exhibit C" attached to the Amended Complaint.

39.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

40.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

41.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

42.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

43.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

44.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

45.     Defendants cannot adequately respond to the allegations in this paragraph as there is no "Exhibit D" attached to the Amended Complaint.

46.     Defendants cannot adequately respond to the allegations in this paragraph as there is no "Exhibit D" attached to the Amended Complaint.

47.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

48.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

49.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

50.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

51.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

52.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

53.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

54.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

55.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

56.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

57.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

58.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

59.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

60.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

61.     To the extent the allegations contained in this paragraph are directed at

Defendants, the allegations are denied.

62.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

63.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

64.     Admitted that Tony Tantillo is a television and media personality in the food industry and that his website is located at www.tonytantillo.com.

65.     The allegations contained in the first sentence of this paragraph are admitted.  To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

66.     Admitted.

67.     Admitted that the addition of the Tantillo brand Sicilian lemon juice and Tantillo brand Sicilian lime juice were at one time mentioned on the www.tonytantillo.com website.

68.     Admitted.

69.     The allegations contained in the first sentence of this paragraph are admitted.  It is further admitted that the www.tantillofoods.com website provides a link to "Lemon and Lime Juice."  The remaining allegations contained in this paragraph are denied.

70.     The allegations contained in the first sentence of this paragraph are admitted.  The remaining allegations contained in this paragraph are denied.

71.     Admitted that Defendants have aired a television advertisement.  The remaining allegations contained in this paragraph are denied.

72.     Admitted that Defendants have aired a television advertisement.  The remaining allegations contained in this paragraph are denied.

73.     Admitted that Tantillo maintains a twitter account.  The remaining allegations contained in this paragraph are denied.

74.    Admitted that the identified press release was issued in or about July of 2011 and appeared on the www.tonytantillo.com website.  The remaining allegations contained in this paragraph are denied.

75.    Admitted that Farm Fresh promotes and advertises Tantillo juice products in certain magazines, some of which are distributed at Safeway locations and some of which include pricing information.  The remaining allegations contained in this paragraph are denied.

76.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

77.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

78.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

79.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

80.    Defendants admit that the www.tonytantillo.com website indicates that Safeway is a "newsletter partner."

81.    Defendants lack knowledge and information sufficient to form an answer to the allegations contained in this paragraph and leave plaintiffs to their proofs.

82.    Defendants lack knowledge and information sufficient to form an answer to the allegations contained in the first sentence of this paragraph and leave plaintiffs to their proofs.  The allegations contained in the second sentence of this paragraph are denied.

83.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

84.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

8

85.     Admitted that Defendants knew that Safeway carried MB Imports' Sicilia lemon juice and lime juice and that MB Imports had, on occasion, advertised in the Fresh Ideas Magazine.  The remaining allegations contained in this paragraph are denied.

86.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

87.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

88.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

89.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

90.     Defendants lack knowledge and information sufficient to form an answer to the allegations contained in this paragraph and leave plaintiffs to their proofs.

91.     Defendants lack knowledge and information sufficient to form an answer to the allegations contained in the first sentence of this paragraph and leave plaintiffs to their proofs. The allegations contained in the second sentence of this paragraph are denied.

92.     The allegations contained in this paragraph are conclusions of law which do not require a response.  To the extent that a response is required, the allegations are denied.

93.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

**FIRST COUNT**

94.     Defendants repeat each and every answer to the allegations contained in paragraphs 1 through 93 and make same a part hereof as if set forth at length.

95.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

9

96.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

97.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

98.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

99.     To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

100.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

101.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

102.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, for attorneys' fees, costs of suit and such other relief as the Court deems just and equitable.

## SECOND COUNT

103.    Defendants repeat each and every answer to the allegations contained in paragraphs 1 through 102 and make same a part hereof as if set forth at length.

104.    Defendants admit that T&M markets and sells Tantillo juice products to customers in New Jersey and the United States.  The remaining allegations contained in this paragraph are denied.

105.    The allegations contained in this paragraph are conclusions of law which do not require a response.  To the extent that a response is required, the allegations are denied.

106.    The allegations contained in this paragraph are conclusions of law which do not require a response.  To the extent that a response is required, the allegations are denied.

107.    The allegations contained in this paragraph are conclusions of law which do not require a response.  To the extent that a response is required, the allegations are denied.

108.    The allegations contained in this paragraph are conclusions of law which do not require a response.  To the extent that a response is required, the allegations are denied.

109.    The allegations contained in this paragraph are conclusions of law which do not require a response.  To the extent that a response is required, the allegations are denied.

110.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

111.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

112.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

113.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

114.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

115.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, for attorneys' fees, costs of suit and such other relief as the Court deems just and equitable.

## **THIRD COUNT**

116.    Defendants repeat each and every answer to the allegations contained in

11

paragraphs 1 through 115 and make same a part hereof as if set forth at length.

117.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

118.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

119.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

120.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

121.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

122.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

123.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

124.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, for attorneys' fees, costs of suit and such other relief as the Court deems just and equitable.

## **FOURTH COUNT**

125.   Defendants repeat each and every answer to the allegations contained in paragraphs 1 through 124 and make same a part hereof as if set forth at length.

126.   Defendants lack knowledge and information sufficient to form an answer to the allegations contained in the first sentence of this paragraph and leave plaintiffs to their proofs.

The allegations contained in the second sentence of this paragraph are conclusions of law which do not require a response. To the extent that a response is required, the allegations are denied.

127.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

128.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

129.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

130.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, for attorneys' fees, costs of suit and such other relief as the Court deems just and equitable.

## FIFTH COUNT

131.   Defendants repeat each and every answer to the allegations contained in paragraphs 1 through 130 and make same a part hereof as if set forth at length.

132.   The allegations contained in this paragraph are conclusions of law which do not require a response. To the extent that a response is required, the allegations are denied.

133.   The allegations contained in this paragraph are conclusions of law which do not require a response. To the extent that a response is required, the allegations are denied.

134.   The allegations contained in this paragraph are conclusions of law which do not require a response. To the extent that a response is required, the allegations are denied.

135.   The allegations contained in this paragraph are conclusions of law which do not require a response. To the extent that a response is required, the allegations are denied.

136.   The allegations contained in this paragraph are conclusions of law which do not

require a response.  To the extent that a response is required, the allegations are denied.

137.    The allegations contained in this paragraph are conclusions of law which do not require a response.  To the extent that a response is required, the allegations are denied.

138.    The allegations contained in this paragraph are conclusions of law which do not require a response.  To the extent that a response is required, the allegations are denied.

139.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

140.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

141.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

142.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

143.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

144.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

145.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

146.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

147.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

148.    To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

149.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

150.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

151.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

152.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

153.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

154.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

155.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

156.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

157.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

158.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

159.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

160.   To the extent the allegations contained in this paragraph are directed at Defendants, the allegations are denied.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with

prejudice, for attorneys' fees, costs of suit and such other relief as the Court deems just and equitable.

## SEPARATE DEFENSES

1.    The Amended Complaint fails to state a claim upon which relief may be granted.

2.    Some or all of the claims asserted in the Amended Complaint are barred under the doctrines of waiver, estoppel and laches.

3.    Some or all of the claims asserted in the Amended Complaint are barred by the doctrine of unclean hands.

4.    Some or all of the claims asserted in the Amended Complaint are barred under the applicable statutes of limitations.

5.    Some or all of the claims asserted in the Amended Complaint are barred by the doctrine of setoff.

6.    Some or all of the claims asserted in the Amended Complaint are barred in whole or in part because Defendants' conduct did not actually or proximately cause any of the losses or damages allegedly sustained by plaintiffs.

7.    Some or all of the claims asserted in the Amended Complaint are subject to the doctrine of spoliation.

8.    Some or all of the claims asserted in the Amended Complaint are barred in whole, or in part, by the doctrine of avoidable consequences.

9.    Some or all of the claims asserted in the Amended Complaint are barred by, or reduced by, the breaches and/or negligence and/or liability of plaintiffs and/or third parties.

10.    Some or all of the claims asserted in the Amended Complaint are barred because plaintiffs' damages, if any, were caused by parties over which Defendants have no control.

11.    All actions taken by Defendants were in good faith and with no malice towards plaintiffs.

12.     Some or all of the claims asserted in the Amended Complaint are barred by the doctrine of equitable estoppel.

13.     Plaintiffs lack standing to raise some or all of the claims asserted and/or the relief sought in the Complaint.

14.     Plaintiffs have suffered no irreparable harm or damages.

15.     Plaintiffs cannot show that the actions of Defendants caused injury to plaintiffs.

16.     Defendants did not make any material misrepresentations of facts or publish false information.

17.     The Amended Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

18.     Some or all of the claims asserted in the Amended Complaint are barred under the doctrine of election of remedies.

19.     The Amended Complaint is barred, in whole or in part, because all actions and/or omissions complained of were not knowing or willful, but were made in good faith and based on reasonable grounds for believing such actions and/or omissions were not in violation of applicable law.

20.     The Amended Complaint fails to state a claim for which compensatory, consequential, liquidated or punitive damages may be granted.

21.     Some or all of the claims for damages or relief asserted in the Amended Complaint are barred because such damages or relief are not available under applicable law.

22.     Defendants reserve the right to amend and expand upon these separate defenses.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, for attorneys' fees, costs of suit and such other relief as the Court deems just and equitable.

## COUNTERCLAIM

Defendants/counterclaimants, T&M Imports, LLC ("T&M Imports") and Tony Tantillo ("Tantillo"), by way of counterclaim against plaintiffs/counterclaim defendants, MB Imports, Inc. ("MB Imports") and Ronald Marks ("Marks"), say:

### JURISDICTION

1.      This Court has personal jurisdiction over MB Imports and Marks insofar as both are residents of the State of New Jersey.

2.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367 insofar as the claims asserted in this counterclaim are so related to the claims in the Verified Complaint that they form a part of the same case or controversy under Article III of the United States Constitution.  This Court also has subject matter under the claims brought in this counterclaim under the Lanham Act, 15 U.S.C. §1125(a).

3.      Venue is proper in this district insofar as the claims asserted in the counterclaim arise out of the same claims asserted in the Verified Complaint and all counterclaim defendants are residents of this judicial district.

### FACTUAL BACKGROUND

4.      Defendant/counterclaimant Tantillo is the local food editor for WCBS Channel 2 News in New York. His televised segments are also broadcast on local news stations in several major outlets.  In addition, Tantillo publishes a free Fresh Ideas Magazine that includes tips about eating fresh and staying healthy.

5.      Tantillo also is the president of T&M Imports.  T&M Imports is a New York limited liability company which markets and sells a premier brand of Italian foods.

6.      In March, 2010, T&M began marketing and selling Sicilian lemon juice and Sicilian lime juice under the Tantillo brand.  Tantillo brand juices are made with fresh lemons and limes grown in Sicily, Italy.  The lemons and limes are grown, processed and bottled by

Eurofood Srl ("Eurofood") in Capo, d'Orlando, Sicily, Italy. The finished products are then labeled with the Tantillo brand and imported into the United States.

7.     T&M and Tantillo have had a long-standing relationship with the Safeway Supermarkets. T&M has been selling olive oil and balsamic vinegar through Safeway since 1995 under the Tantillo brand.

8.     Upon information and belief, MB Imports is in the business of importing and distributing lemon juice and lime juice in the United States under the purported trade name "Sicilia."

9.     Although MB Imports' lime juice is sold under the name "Sicilia," MB Imports' lime juice is not made from limes grown in Sicily but is in fact made from concentrate from limes grown in South America.

10.     Upon information and belief, plaintiff Marks is a principal of MB Imports and derives financial benefit from MB Imports' sales.

11.     Upon information and belief, MB Imports had sold its Sicilia brand lemon and lime juices at the Safeway Supermarkets until the introduction of the Tantillo brand Sicilian lemon juice and lime juice. Unhappy to have competition, MB Imports and Marks began a campaign to discredit and defame Tantillo and T&M Imports and the Tantillo brand Sicilian lemon juice and lime juice, in an attempt to prevent Safeway and other food stores from carrying the Tantillo brand Sicilian lemon juice and lime juice in addition to or in place of MB Imports' products.

12.     In or about June, 2010, MB Imports and Marks made false statements to the United States Food and Drug Administration ("FDA") alleging that the labels on the Tantillo brand Sicilian lemon juice and lime juice were misleading.

13.     In or about July 2010, Marks and MB Imports made false statements to a broadcast news outlet claiming that the labels on the Tantillo brand Sicilian lemon juice and lime

juice were misleading.

14.     Upon information and belief, Marks and MB Imports made similar defamatory statements to others with the intent to damage the business of their new competitor, T&M Imports, and to cause harm to the reputation of Tony Tantillo.

15.     Among other things, MB Imports and Marks have stated that the Tantillo brand Sicilian lime juice is made from concentrate and that the Tantillo brand Sicilian lime juice is not made from Sicilian limes but is made with lemon juice.

<u>FIRST COUNT</u>

16.     Counterclaimants repeat each and every allegation contained in paragraphs 1 through 15 of the Counterclaim and make same a part hereof as if set forth at length.

17.     MB Imports and Marks have published and continue to publish false and disparaging claims concerning Tantillo, T&M Imports and the products of T&M Imports with the intent to cause damage to the reputation of Tantillo, T&M Imports and the products of T&M Imports so as to induce others not to conduct business with Tantillo and T&M Imports.

18.     MB Imports and Marks' disparaging comments have proximately caused damage to T&M Imports and Tantillo and will continue to cause damage to T&M Imports and Tantillo unless they are restrained by this Court.

19.     MB Imports and Marks have acted with malice and/or with reckless disregard for the truth or falsity of their statements.

WHEREFORE, Counterclaimants demand judgment as follows:

a.  Preliminarily and permanently enjoining MB Imports and Marks from making any disparaging comments regarding T&M Imports, Tantillo and T&M Imports' Tantillo brand Sicilian lemon juice and lime juice;

b.  For damages, together with interest;

c.  For punitive damages;

    d.  For attorneys' fees and costs of suit; and

    e.  For such other relief as the Court deems just and equitable.

SECOND COUNT

20.    Counterclaimants repeat each and every allegation contained in paragraphs 1 through 19 of the Counterclaim and make same a part hereof as if set forth at length.

21.    The defamatory statements made by MB Imports and Marks concerning Tantillo were made knowing that the statements were false and/or in reckless disregard to the truth or falsity of the statements.  The defamatory statements have been made by MB Imports and Marks to third persons with the intent to cause injury to Tantillo's reputation.

22.    The defamatory statements made by MB Imports and Marks proximately caused and will continue to cause damage to Tantillo.

23.    The defamatory statements made by MB Imports and Marks have caused Tantillo irreparable harm.

WHEREFORE, Counterclaimants demand judgment as follows:

    a.  Preliminarily and permanently enjoining MB Imports and Marks from making any disparaging comments regarding T&M Imports, Tantillo and T&M Imports' Tantillo brand Sicilian lemon juice and lime juice;

    b.  For damages, together with interest;

    c.  For punitive damages;

    d.  For attorneys' fees and costs of suit; and

    e.  For such other relief as the Court deems just and equitable.

THIRD COUNT

24.    Counterclaimants repeat each and every allegation contained in paragraphs 1 through 23 of the Counterclaim and make same a part hereof as if set forth at length.

25.    MB Imports and Marks have made false and misleading statements about T&M

21

Imports, Tantillo and the products of T&M Imports with the intent to interfere with T&M

Imports' contractual relationships with others.

26.     The actions of MB Imports and Marks were made without justification or excuse

and have proximately caused damages to T&M Imports and Tantillo.

WHEREFORE, Counterclaimants demand judgment as follows:

   a.  For damages, together with interest;

   b.  For punitive damages;

   c.  For attorneys' fees and costs of suit; and

   d.  For such other relief as the Court deems just and equitable.

<u>FOURTH COUNT</u>

27.     Counterclaimants repeat each and every allegation contained in paragraphs 1

through 26 of the Counterclaim and make same a part hereof as if set forth at length.

28.     The false and misleading statements made by MB Imports and Marks were made

with the intent to interfere with T&M Imports and Tantillo's pursuit of prospective economic and

contractual business relationships.

29.     The actions of MB Imports and Marks were made without justification or excuse.

30.     As a direct and proximate result of the actions of MB Imports and Marks, T&M

Imports and Tantillo have and will continue to suffer damages.

WHEREFORE, Counterclaimants demand judgment as follows:

   a.  For damages, together with interest;

   b.  For punitive damages;

   c.  For attorneys' fees and costs of suit; and

   d.  For such other relief as the Court deems just and equitable.

<u>FIFTH COUNT</u>

31.     Counterclaimants repeat each and every allegation contained in paragraphs 1

through 30 of the Counterclaim and make same a part hereof as if set forth at length.

32.     MB Imports offers for sale and has sold Sicilia brand lime juice in this district, the labels and packaging of which contain the false or misleading statement that the product is "Imported from Italy."

33.     MB Imports admits that no limes from Italy are used in the production of its Sicilia brand lime juice.  MB Imports further admits that its lime juice is made from concentrate from limes grown in South America.

34.     Upon information and belief, MB Imports' Sicilia brand lime juice is bottled in Switzerland.

35.     The false and/or misleading statements made on the labels for MB Imports' product actually deceive, or have a tendency to deceive, customers and potential customers.  MB Imports' false and/or misleading statements violate The Lanham Act, §43(a) (15 U.SC. §1125(a)).

36.     MB Imports' conduct is willful, intentional and deliberate.

37.     MB Imports false and/or misleading advertising has caused and will continue to cause damages to consumers and T&M Imports.

WHEREFORE, Counterclaimants demand judgment as follows:

a.  Preliminarily and permanently enjoining MB Imports from labeling its lime juice product as "Imported from Italy";

b.  For damages, together with interest;

c.  For punitive damages;

d.  For attorneys' fees and costs of suit; and

e.  For such other relief as the Court deems just and equitable.

<u>SIXTH COUNT</u>

38.     Counterclaimants repeat each and every allegation contained in paragraphs 1

23

through 37 of the Counterclaim and make same a part hereof as if set forth at length.

39.     MB Imports advertises and markets its lime juice using the "Sicilia" brand to mislead consumers into believing that the lime juice is a product of Sicily.

40.     MB Imports and Marks admit that its limes are not grown in Sicily and that its lime juice is made from concentrate from limes from South America.

41.     Upon information and belief, MB Imports' lime juice is not bottled in Sicily.

42.     MB Imports' false and misleading advertising constitutes a false designation of origin in violation of The Lanham Act, §43(a) (15 U.S.C. §1125(a)).

43.     MB Imports' conduct is willful, intentional and deliberate.

WHEREFORE, Counterclaimants demand judgment as follows:

a.   Preliminarily and permanently enjoining MB Imports from labeling its lime juice product with the designation "Sicilia";

b.   For damages, together with interest;

c.   For punitive damages;

d.   For attorneys' fees and costs of suit; and

e.   For such other relief as the Court deems just and equitable.

## JURY DEMAND

Defendants T&M Imports, LLC and Tony Tantillo demands a trial by jury.

> NORRIS, McLAUGHLIN & MARCUS, PA
> Attorneys for Defendants
> T&M Imports, LLC and Tony Tantillo
>
>
> By: s/ Keith D. McDonald
>       Keith D. McDonald, Esq.

Dated: August 17, 2012


## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, that with respect to the matter in controversy herein, neither defendant nor its attorneys are aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject, other than the TTAB matter disclosed in the Local Civil Rule 11.2 Certification of plaintiffs' counsel.

> NORRIS, McLAUGHLIN & MARCUS, PA
> Attorneys for Defendants
> T&M Imports, LLC and Tony Tantillo
>
>
> By: s/ Keith D. McDonald
>       Keith D. McDonald, Esq.

Dated: August 17, 2012

## <u>DECLARATION OF SERVICE</u>

I hereby declare under penalty of perjury that the foregoing Answer was filed

electronically with the Clerk of the Court and served upon the following via electronic notice:

Thomas J. Herten, Esq.
Archer & Greiner, PC
Court Plaza South, West Wing
21 Main Street – Suite 353
Hackensack, New Jersey 07601
*Attorneys for Plaintiffs*

NORRIS, McLAUGHLIN & MARCUS, PA
Attorneys for Defendants
T&M Imports, LLC and Tony Tantillo

By: s/ *Keith D. McDonald*
Keith D. McDonald, Esq.

Dated: August 17, 2012